### Schupp v. Mueller.

(Decided February 8, 1916.)

## Appeal from Campbell Circuit Court.

Deeds—Construction of Words Giving Power to Sell.—Where a deed conveyed land to husband and wife with the right of survivorship, coupled with the condition that if the survivor should marry, one-half of the estate should go to the heirs of the deceased, "Provided always that no sale has taken place before death," the grantees were invested with the power to sell, although the sale was merely made for the purpose of securing a reconveyance of the property free from the limitation imposed in the deed by which they obtained it.

FRANK V. BENTON for appellant.

H. GUNKEL, JR., for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is an agreed case to determine whether the appellee can convey by a good title certain real estate that she sold by executory contract to the appellant. It appears that in May, 1909, Mary Reinfelder, for a valuable consideration paid to her by John H. and Clara M. Mueller, conveyed to them the property here in question.

The deed recites that the grantor "does hereby bargain, sell and convey to the said John H. and Clara M. Mueller, their heirs and assigns, forever, subject, however, in case of death of one of the grantees, to the right on the part of the survivor, to use and enjoy the interest of the decedent, so long as such survivor shall remain unmarried, and in case of such marriage such interest to at once vest in the heirs of the decedent without any dower right on the part of the survivor; provided, always that no sale has taken place before death."

In 1914, John H. and Clara M. Mueller, for a recited valuable consideration, reconveyed this property to Mary Reinfelder with covenants of general warranty; and thereupon Mary Reinfelder, for a recited valuable consideration, reconveyed the same to them with covenants of general warranty, by an ordinary deed free from any limitations or conditions. After this John H. Mueller died, leaving a will in which he devised to his wife all his real property in fee simple, which will was duly probated. Afterwards Clara M. Mueller sold the prop-

erty by executory contract to the appellant, and the appellant refused to accept a deed in compliance with the contract on the ground that Clara M. Mueller owned in fee simple only one-half of the property, having a defeasible fee in the other half.

The argument in behalf of the appellant is that the reconveyance by the Muellers to Mary Reinfelder and the conveyance back by her to them did not change the status of the title, as it was fixed in the deed first made by her to them, and that when John H. Mueller died Clara M. Mueller took under his will his half interest in the estate, subject to be defeated and vest at once in his heirs upon her marriage.

The lower court decided that Clara M. Mueller, in view of the conveyance and the will mentioned, had a fee simple title to the property, and consequently could convey to John Schupp a good title.

It will be observed that in the deed first made by Mary Reinfelder the limitation on the estate was followed by the words "provided always that no sale has taken place before death," and we think this provision in the deed gave to the Muellers the right to sell the land before the death of either of them free from the limitations imposed on the title. In other words, gave them the right to convey a fee simple title.

It is said, however, by counsel for Schupp that this proviso contemplated a bona fide sale for a valuable consideration and as it is manifest that the reconveyance by the Muellers to Mary Reinfelder was merely for the purpose of getting rid of the limitation, it was ineffectual for that purpose.

We do not, however, find in the proviso anything that would warrant us in saying that the sale must be for a valuable consideration or that would limit the right to a sale for a valuable consideration.

It is obvious that if the grantees did sell it for a valuable consideration the limitations in the deed would be defeated, and the purchaser would take the land free from the limitation. It is likewise obvious that the Muellers could do what they pleased with the money received from the sale, and consequently defeat entirely the contingent claim of the remaindermen. So that, whether they sold the land for a valuable consideration or merely sold it for the purpose of getting rid of the limitations, does not really affect the rights of the contingent remain-

dermen. Evidently this provision was put in the first deed in order that the Muellers, if they were so inclined, might remove the limitations by a sale, and as the deed does not specify the character of sale or what disposition should be made of the proceeds, we regard it as entirely immaterial whether they sold it for a valuable consideration or not. It is the fact that a sale was made that releases the property from the limitation and not the price received for it or the circumstances surrounding the transaction.

The judgment is affirmed.